# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH DEGEARE, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1141-HE |
| ) | |
| STATE OF OKLAHOMA; ) | |
| OKLAHOMA CITY DISTRICT ) | |
| COURT, ) | |
| ) | |
|     Respondents.[1] ) | |

## REPORT AND RECOMMENDATION

Joseph DeGeare (Petitioner), a pro se federal prisoner confined at USP Tucson, brings this petition under 28 U.S.C. § 2241 for a writ of habeas corpus, asking the court to vacate a "[p]ending detainer/warrant" in "Oklahoma City District Court," Case No. CF-2013-7210. Doc. 1, at 1, 2, 9.[2] He contends the "detainer's/warrant's should be vacated because it is affecting the rehabilitation process of the petitioner, causing custody level to remain high and denying the petitioner RDAP Programming Residential

---

[1] Petitioner does not challenge his present physical confinement and, properly, did not name his immediate physical custodian as respondent "because *there* [*is*] *no* immediate physical custodian with respect to the 'custody' being challenged." *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004).

[2] Page citations to the petition and its attachments are in sequential order and reflect this court's CMECF pagination and designation. Unless otherwise indicated, quotations are reproduced verbatim.

Drug Alcohol Program, because warrant's causes an inmate to be ineligible to program RDAP." *Id*. at 9. Petitioner's single ground for the requested relief is that he has been denied due process. *Id*. at 4.

United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned promptly examined the petition and recommends its summary dismissal.[3]

## I.   State court warrant.

A review of the public records of the District Court of Oklahoma County, Case No. CF-2013-7210, shows that on October 25, 2013, the State charged Petitioner with stalking in violation of Okla. Stat. tit. 21, § 2-1173. http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cf-2013-7210O (last accessed November 4, 2015).[4]  On December 2, 2013,

---

[3]   Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court "acted within its discretion" in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1(b)).

[4]   The undersigned takes judicial notice of these records. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

the state court issued a bench warrant for failure to appear. *Id.* Apart from actions taken later that same month regarding bond forfeiture, nothing occurred until Petitioner filed a series of motions seeking to quash the pending warrant on May 20, 2015. *Id.* The district judge set the matter for hearing on October 21, 2015; it has now been continued until December 30, 2015. *Id.*

There is no reference in the state court records to a detainer.

## II. Petitioner does not satisfy 28 U.S.C. § 2241's custody requirements.

### A. A detainer is required.

"Habeas corpus review is available under § 2241 if [the petitioner] is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting 28 U.S.C. § 2241(c)(3)). If a state has filed a detainer against a prisoner, "he is currently 'in custody' within the meaning of the federal habeas corpus statute" and may "attack on habeas corpus . . . confinement that would be imposed in the future . . . ." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). *Braden* did not resolve, however, "whether, if no detainer had been issued against him, petitioner would be sufficiently 'in custody'" to challenge a state court indictment – or, as here, a bench warrant – through a habeas court action. *Id.* at 489 n.4. "However, courts faced with

3

the issue have consistently concluded" that § 2241's custody requirement is satisfied only when a court has lodged a detainer against a habeas petitioner. *Wade v. Hamilton Cnty. Prosecutor's Office*, No. 1:11-cv-590, 2011 WL 5920770, at *2 (S.D. Ohio Nov. 7, 2011) (unpublished report and recommendation) (collecting cases), *adopted by* 2011 WL 5914003 (S.D. Ohio Nov. 28, 2011) (unpublished order).

### B. Petitioner does not challenge a detainer.

Petitioner claims to challenge a July 7, 2014 decision by the Oklahoma County District Court to issue a detainer. Doc. 1, at 2, 1. But to support his claim, Petitioner submits a copy of a Detainer Action Letter sent on July 7, 2014, by the Federal Bureau of Prisons to the "Oklahoma City District Court[,] 200 NW 4th Street[,] Oklahoma City, OK 73102." *Id.* Ex. 1. The letter relied on information from Petitioner's federal pre-sentence report indicating that a bench warrant was issued on December 2, 2013, in Case No. CF-2013-7210 "for failure to appear/charges pending." *Id.* The letter requested district court officials to advise whether they "*desire to have*" the warrant lodged as a detainer. *Id.* What Petitioner characterizes as a detainer, issued against him on July 7, 2014, by the Oklahoma County District Court, simply is not. He is subject to an outstanding bench warrant, not a detainer, and § 2241's custody requirement is not satisfied.

## III. Even had the State of Oklahoma lodged a detainer, Petitioner alleges no constitutional violation.

Petitioner maintains the "detainer's/warrant's" adversely impact his custody level status and his eligibility for RDAP, violating his right to due process. Doc. 1, at 9, 4. The Supreme Court, however, has generally "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). As to "prisoner classification and eligibility for rehabilitative programs in the federal system[,] Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." *Id*; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("A prisoner has no constitutional right to participate in RDAP" and "no liberty interest in discretionary early release for completion of RDAP . . . .").

## IV. Failure to exhaust state court remedies.

In addition, even if a detainer had been lodged by the State of Oklahoma, Petitioner's state court motions, Doc. 1, at Exs, 2, 3, 4, and 5, remain pending hearing on December 30, 2015, and he fails to demonstrate the requisite exhaustion of his state court remedies. Exhaustion of available state remedies is generally required for petitions brought under 28 U.S.C. §

5

2241. *See Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). And, "although section 2241 establishes jurisdiction in the federal court to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved . . . by . . . state [court] procedures available to the petitioner." *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (internal quotation marks omitted).

## V. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends the summary dismissal of Petitioner's habeas corpus action. Doc. 1.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 29, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General

6

of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 9th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE